Argued September 22, affirmed as modified October 13, 1975

# YIELDING, *Appellant, v.* WEST FOODS, INC. (No. 89128), *Respondent.*

540 P2d 1018

*C. S. Emmons,* Albany, argued the cause for appellant. With him on the briefs were Emmons, Kyle, Kropp & Kryger and J. David Kryger, Albany.

*Ridgway K. Foley, Jr.,* Portland, argued the cause for respondent. With him on the brief were Souther, Spaulding, Kinsey, Williamson & Schwabe and Michael D. Hoffman, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

LANGTRY, J.

Claimant, 59 years of age, worked as a foreman and general mechanic for West Foods. On September 20, 1973, while catching and shifting a heavy overhead gate on which a bolt broke, he testified that he felt muscles tear in his back. He continued work until November 1, 1973 before seeking medical aid for this injury. He was off work a few days, then returned to work on November 19, but quit on December 6, not giving the injury as the reason. His immediate superintendent testified he said something about being tired of being a flunky. This was not denied.

He made claim for the back injury. Orthopedic doctors found only subjective reasons to support the claim, and a psychologist thought, after examination, there were emotional problems. Claimant asserts he can think of no kind of work he can now do, because of his injury.

Vocational rehabilitation has been tried but the Vocational Rehabilitation Division said in its report, after claimant surveyed the opportunities there, he "concludes that though he has the technical skills to function in any of the capacities seen there, his physical and emotional condition would preclude any significant involvement there." On July 22, 1974 it was remarked in the rehabilitation record that until there is a decision on his compensation claim there is little opportunity of his rehabilitation.

The Closing and Evaluation Division of the Workmen's Compensation Board awarded 15 percent or 48 degrees, the hearing referee permanent and total disability, the Workmen's Compensation Board 30 percent or 96 degrees, and the circuit court agreed with the Board.

On this appeal we have reviewed the same evidence,

and decisions in similar cases we have previously decided, for example, *Deaton v. SAIF*, 13 Or App 298, 509 P2d 1215 (1973).[1] Our conclusion is that claimant can return to gainful employment, but because of his back strain it will necessarily have to be lighter work. We have no doubt that such work can be found by or for him. Our opinion is that his effectiveness as a workman should be about half of what it was before the injury, hence, we award 50 percent, or 160 degrees.

Affirmed as modified.

SCHWAB, C. J., dissenting.

As did the trial judge, I would affirm the order of the Workmen's Compensation Board. For this reason I dissent.

---

[1] We note that Oregon Laws 1975, ch 506, effective by its terms on July 1, 1975, eliminates subsection (2) from ORS 656.206. This subsection had incorporated into ORS 656.206(2), which had been added by Oregon Laws 1973, ch 614, § 2, the substance of the rule in Deaton v. SAIF, 13 Or App 298, 509 P2d 1215 (1973). The statutory language was:

"(2) The workman has the burden of proving permanent total disability status. Unless the medical evidence of a workman's unscheduled physical impairment, coupled with other relevant factors affecting his employability, establishes, prima facie, the workman's permanent total disability status, he must also establish his willingness to seek gainful and suitable regular employment."

Inasmuch as no retroactivity is mentioned in chapter 506, we discern no effect the statutory change may have on the case at bar.